IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

JORDAN BLEVINS

Criminal No. 2:23-cr-32

[UNDER SEAL]

FILED

FEB 21 2023

CLERK U.S. DISTRICT COURT
WEST DIST OF PENNSYLVANIA

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, Acting United States Attorney for the Western District of Pennsylvania, and Robert C. Schupansky, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A federal grand jury returned a two-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|-------|-------------|---------------|
| 1 | Possession with Intent to Distribute a Quantity of Methamphetamine<br>March 16, 2021 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) |
| 2 | Possession of Material Depicting the Sexual Exploitation of a Minor<br>March 16, 2021 | 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2) |

## II. <u>ELEMENTS OF THE OFFENSES</u>

**A.     As to Count 1:**

In order for the crime of Possession with Intent to Distribute a Quantity of Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.     That on or about the date set forth, the defendant possessed with intent to distribute the controlled substance charged in the Indictment.

> <u>United States v. Lartey</u>, 716 F.2d 955, 967 (2d Cir. 1983); <u>United States v. Wright</u>, 593 F.2d 105, 107-108 (9th Cir. 1979); <u>United States v. Tighe</u>, 551 F.2d 18, 21 (3d Cir.), <u>cert. denied</u>, 434 U.S. 823 (1977).

2.     That the defendant did so knowingly and intentionally.

> <u>United States v. Jewell</u>, 532 F.2d 697, 699-700 (9th Cir.), <u>cert. denied</u>, 426 U.S. 951 (1976); <u>United States v. Kairouz</u>, 751 F.2d 467, 469 (1st Cir. 1985).

3.     That methamphetamine is a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule II.

**B.     As to Count 2:**

In order for the crime of Possession of Material Depicting the Sexual Exploitation of a Minor, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and 2252(b)(2), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.     That the defendant knowingly possessed one or more items which contained a visual depiction of a minor engaging in sexually explicit conduct.

> Title 18, United States Code, Section 2252(a)(4)(B).

2

2.      That the item which contained the visual depiction had been mailed, transported, or shipped in interstate commerce or foreign commerce or had been produced using materials which had been mailed or transported or shipped in interstate or foreign commerce.

Title 18, United States Code, Section 2252(a)(4)(B).

3.      That the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256.

Title 18, United States Code, Section 2252(a)(4)(B).

4.      That the image involved a prepubescent minor or minor who had not attained 12 years of age.

Title 18, United States Code, Section 2252(b)(2).

## III. PENALTIES

A.      **As to Counts One:  Possession with Intent to Distribute a Quantity of Methamphetamine, a Schedule II Controlled Substance (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)):**

1.      A term of imprisonment of not more than twenty (20) years.

2.      A fine not to exceed $1,000,000.

3.      A term of supervised release of at least three (3) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

1.      A term of imprisonment of not more than thirty (30) years.

2.      A fine not to exceed $2,000,000.

3.      A term of supervised release of at least six (6) years.

3

**B.** **As to Count 2: Possession of Material Depicting the Sexual Exploitation of a Minor (18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2)):**

    1.    Imprisonment of not more than ten (10) years, but if any visual depiction involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, the defendant shall be imprisoned for not more than twenty (20) years, or if the defendant has a prior conviction under Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117 or under Section 920 of Title 10, or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be imprisoned not less than 10 years nor more than 20 years.

    2.    A fine of $250,000.00 (18 U.S.C. § 3571(b)(3)).

    3.    A term of supervised release of at least 5 years and up to life (18 U.S.C. § 3583(k)).

    4.    Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

With respect to Count Two, an additional special assessment of $5,000.00 must be imposed, as the offense was committed after May 29, 2015, and the offense is located within Chapter 110 of Title 18, United States Code. 18 U.S.C. § 3014(a).

Additionally, pursuant to 18 U.S.C. § 2259A(a)(1), an additional special assessment of not more than $17,000.00 shall be assessed at Count Two of the Indictment, as the offense was committed after December 7, 2018, and is for a child pornography possession offense charged under 18 U.S.C. § 2252(a)(4).

## V. <u>RESTITUTION</u>

Restitution may be required in this case as to Count Two, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 2259. Pursuant to 18 U.S.C. § 2259(b)(2)(B), the amount of restitution per victim at Count Two shall not be less than $3,000.00.

## VI. <u>FORFEITURE</u>

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

TROY RIVETTI
Acting United States Attorney


*/s/ Robert C. Schupansky*
ROBERT C. SCHUPANSKY
Assistant U.S. Attorney
PA ID No. 82158